IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| METROPOLITAN LIFE INSURANCE COMPANY<br>200 Park Avenue<br>New York, New York 10166,<br><br>    Plaintiff,<br><br>    v.<br><br>DENISE HUFFMAN<br>9867 Tall Timber Drive<br>West Chester, Ohio 45241,<br><br>and<br><br>DYLAN HUFFMAN<br>2341 Harmony Drive<br>Xenia, Ohio 45385,<br><br>    Defendants. | Case No. 1:23-cv-00044 |

**COMPLAINT IN INTERPLEADER**

Comes now Plaintiff, Metropolitan Life Insurance Company ("Plaintiff" or "MetLife"), by counsel, and for its Complaint in Interpleader states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this matter as MetLife is a corporation organized under the laws of the State of New York, with its principal place of business in New York, New York. It is duly licensed to do business in the State of Ohio.

2.    Upon information and belief, Defendant Denise Huffman ("Denise") is the sister of Bradley Huffman (the "Decedent"), and she resides in West Chester, Butler County, Ohio.

3.    Upon information and belief, Defendant Dylan Huffman ("Dylan"), is a son of the Decedent, and he resides in Xenia, Greene County, Ohio.

4.  Pursuant to Federal Rule of Civil Procedure Rule 22, the stakeholder and the adverse claimants are of diverse citizenship as defined by 28 U.S.C. § 1332, and the amount in controversy exceeds $75,000.00.

5.  MetLife issued a group policy of insurance to fund the employee welfare benefit plan (the "Plan") sponsored by the Decedent's former employer, The Ohio State Highway Patrol ("Employer" or "Plan Sponsor"), which provided an optional life insurance benefit in the amount of $125,000.00 ("Plan Benefit") to certain Plan participants, including the Decedent. A true and correct copy of the Plan documents are attached hereto as **Exhibit A**.

6.  Venue is proper pursuant to 28 U.S.C. §1391(b), because one or more defendants reside in this district and a substantial part of the events giving rise to this action occurred in this district. See also S.D. Ohio Rule 82.1(b).

## CAUSE OF ACTION IN INTERPLEADER

7.  The Decedent died on January 20, 2021. A true and correct copy of the Decedent's Death Certificate is attached hereto as **Exhibit B**.

8.  Under the terms of the Plan, an eligible participant's Plan Benefits are paid upon the death of the participant to the beneficiary or beneficiaries in effect on the date of the eligible participant's death. See Exhibit A.

9.  The latest Beneficiary Designation form completed by the Decedent and submitted to MetLife was dated July 6, 2016, and named Denise as the sole primary beneficiary of the Plan Benefits (the "7/6/16 Beneficiary Designation"). A true and correct copy of the 7/6/16 Beneficiary Designation is attached hereto as **Exhibit C**.

10. The Decedent's former spouse, Melinda Huffman, provided MetLife a June 14, 2016 Final Judgment and Decree of Divorce from the Greene County Court of Common Pleas, Domestic Relations Division (the "6/14/16 Divorce Decree") that did not address any life benefits

2

from an employer sponsored benefit plan, but did order the Decedent to list his two minor children as irrevocable beneficiaries to any life insurance policy he had until the minor children are emancipated. A true and correct copy of the 6/14/16 Divorce Decree is attached hereto as **Exhibit D**.

11. At the time of Decedent's death, Defendant Dylan was Decedent's only unemancipated minor child.

12. As the Plan's claim administrator and insurer, MetLife is responsible for paying the Plan Benefits to the proper beneficiary or beneficiaries.

13. MetLife cannot determine which of the Defendants is entitled to the Plan Benefits. Specifically, MetLife is unable to determine whether a Court would determine that the 6/14/16 Divorce Decree is intended to control payment of the Plan Benefits under this employer sponsored benefit Plan or if the 6/14/16 Divorce Decree only controlled any individual policy of life insurance issued directly to the Decedent.

14. If the 6/14/16 Divorce Decree does not control payment of the Plan Benefits, then the Plan Benefits are payable to Denise in accordance with the 7/6/16 Beneficiary Designation.

15. If the 6/14/16 Divorce Decree does control payment of the Plan Benefits, then the Plan Benefits are payable to Dylan.

16. The Defendants were advised that their claims were adverse to one another and that their dispute raised questions of fact and law that could not be resolved by MetLife without exposing the Plan to the danger of double liability for the same Plan Benefits. The Defendants were also advised that if they could not reach an agreement between themselves regarding distribution of the Plan Benefits, MetLife would initiate an interpleader action to have a court

determine to whom the Plan Benefits are payable. To date, MetLife is not aware of any resolution having been reached by the Defendants.

17. As a mere stakeholder, MetLife has no interest in the Plan Benefits, except to the extent that it seeks its attorneys' fees and costs incurred in pursuit of this interpleader. MetLife therefore respectfully requests that this Court determine to whom the Plan Benefits should be paid.

18. MetLife has not filed this Complaint for Interpleader at the request of any Defendant, nor is there any fraud or collusion between MetLife and any Defendant. Instead, MetLife brings this Complaint for Interpleader of its own free will in order that this Court may determine to whom the Plan Benefits are payable.

19. MetLife is ready, willing and able to pay the Plan Benefits, in accordance with the terms of the Plan, in such amounts and to whichever Defendant or Defendants the Court shall designate.

20. MetLife is ready and willing to deposit with the Clerk of the Court the Plan Benefits, plus any applicable interest due and owing under the terms of the Plan, for disbursement in accordance with the Judgment of this Court.

WHEREFORE, MetLife requests the Court:

(i) Permit MetLife to pay to the Clerk of the Court the Plan Benefits, including any applicable interest due and owing under the terms of the Plan;

(ii) Upon receipt of the Plan Benefits by the Clerk of the Court, and upon MetLife's filing of a Motion to Dismiss, dismiss MetLife with prejudice from this action, and discharge MetLife, the Employer, and the Plan from any further liability for the Plan Benefits;

(iii)  Require that the Defendants litigate or settle and adjust between themselves their claims for the Plan Benefits, or upon their failure to do so, that this Court settle and adjust their claims and determine to whom the Contested Plan Benefits should be paid; and

(iv)  Award MetLife its costs and attorney's fees incurred in this action is any Defendant challenges the interpleader and causes unnecessary litigation expenses to be incurred.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: *s/ Samuel H. Ottinger*
Samuel H. Ottinger (0099034)
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
Phone: 216-274-6912
Fax:    216-357-4733
Sam.ottinger@ogletree.com
ATTORNEYS FOR PLAINTIFF